**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

DIRECTV, INC.,

     Plaintiff,

v.                                           Civil No. 04-540 WJ/RHS

BRIAN KOWALSKI,

     Defendant.

## MEMORANDUM OPINION AND ORDER ON
## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

THIS MATTER comes before the Court pursuant to Plaintiff's Motion for Default Judgment [Docket No. 4]. Having reviewed the motion, the record in the case, and being fully advised on the law, I find the motion is well taken in part and will be granted in part in that default judgment will be entered on the issue of liability. Plaintiff's motion will be denied in part, without prejudice, on the issues of damages, attorney's fees and costs.

**BACKGROUND AND DISCUSSION**

Plaintiff filed its Complaint in this matter on May 14, 2004. A return of service filed on June 3, 2004 indicates that Defendant was served personally on May 23, 2004. As of the date of the filing of this Memorandum Opinion and Order, Defendant has not answered, defended or otherwise appeared in the case. Plaintiff filed its Motion for Default Judgment on September 22, 2004. Plaintiff requested judgment on the issue of liability and damages, requested a permanent injunction, and requested costs and attorney's fees.

Before entering default judgment against the Defendant, the Court must find that the Defendant was properly served in accordance with the Federal Rules of Civil Procedure and

subsequently failed to answer, defend, or otherwise appear in the case within the time provided in the Rules. If the Defendant has been properly served and has failed to defend, the Court may enter default judgment as to the issue of liability in accordance with Fed. R. Civ. P. 55(b)(2). Plaintiff has shown that the Defendant was properly served in accordance with Fed. R. Civ. P. 4 and has subsequently failed to answer or otherwise defend in the case. Therefore, Plaintiff is entitled to default judgment on the issue of liability.

The Court may enter default judgment on the issue of damages without a hearing if the amount claimed is a liquidated sum or capable of mathematical calculation. Venable v Haislip, 721 F.2d 297 (10th Cir. 1983). Black's Law defines a liquidated sum as one that is ascertained, determined, fixed, settled, made clear or manifest, or made certain by agreement of parties or by operation of law. Black's Law Dictionary 642 (6th ed. abridged 1991).

Plaintiff urges that it is entitled to default judgment on the issue of damages in the amount of $10,000 because the statutes giving rise to Plaintiff's claims provide for a minimum statutory award and the amount of damages is thus a sum certain in accordance with Fed. R. Civ. P. 55(b)(1). Plaintiff's Complaint seeks damages for violations of 47 U.S.C. § 605(e)(4), and the Motion for Default argues that Plaintiff is entitled to damages in the amount of $10,000 because Section 605(e)(3)(C)(i)(II) provides for a minimum award of $10,000 for each violation of Section 605(e)(4). Plaintiff's Complaint also alleges a violation of 18 U.S.C. § 2511, and the Motion for Default urges that Plaintiff is entitled to damages in the amount of $10,000 pursuant to this violation because 18 U.S.C. § 2520 provides for damages in the amount of the **greater** of $100 per day or $10,000 for a violation of Section 2511.

2

Several courts have found that an award of damages under 18 U.S.C. § 2520 is discretionary rather than mandatory because Section 2520 grants a court the authority to award liquidated damages with the term "may," and the statute was amended in 1986 to substitute the word "may" for the word "shall."  See e.g., DirecTV, Inc. v. Brown, 371 F.3d 814 (11th Cir. 2004).  There appears to be no authority on whether an award of damages under 47 U.S.C. § 605(e)(3) is discretionary or mandatory.  However, the use of the word "may" in Section 605(e)(3)(B) would tend to indicate that the award of damages under Section 605(e)(3)(C) is discretionary.  Section 605(e)(3)(B) states that

> "The Court-
>  (i) **may** grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of this section;
> (ii) **may** award damages as described in subpart (C); and
> (iii) **shall** direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.

The Court recognizes that the use of the word "may" in a statute is not always permissive, and the word has been construed as being synonymous with "shall" or "must" to give effect to indications that the legislature intended a statute to be mandatory.  DirecTV, Inc. v. Brown, 371 F.3d at 817.  However, there is indication that Congress knew and intended "may" to be permissive in Section 605(e)(3)(B).  Section 605(e)(3)(B) was amended in 1988.  Prior to 1988, the word "may" appeared after the word "Court" such that the word "may" modified the granting of injunctions, the award of damages and the recovery of costs and attorneys' fees.  In 1988, the word "may" was removed from after the word "Court" and was inserted at the beginning of Section 605(e)(3)(B)(i) and (ii).  The word "shall" was then inserted at the beginning of Section 605(e)(3)(B)(iii).  When Congress acts to amend a statute, the Court presumes that Congress

3

intends its amendment to have real and substantial effect.  Pierce County, Wash. v. Guillen, 537 U.S. 129, 145 (2003).  The 1988 amendment to Section 605(e)(3)(B) would be nugatory unless Congress understood and intended the word "may" to grant discretionary authority with regard to the granting of injunctions and the award of damages and the word "shall" to be mandatory with regard to the recovery of costs and attorney's fees.

Because an award of damages under 18 U.S.C. § 2520 and under 47 U.S.C. § 605(e) is discretionary, the Court cannot award damages pursuant to either statute without a hearing.  Fed. R. Civ. P. 55(b)(2).  Accordingly, the Court declines to enter default judgment on the issue of damages without a hearing, and the Court will reserve ruling on Plaintiff's Motion for Default Judgment to the extent it seeks default judgment on the issue of damages until a hearing is held. The hearing, as set below, may be attended by teleconference by representatives of DirecTV, Inc. and out-of-state counsel.  Arrangements for participation by teleconference should be directed to Richard Garcia, Courtroom Deputy, at (505) 348-2333 at least three business days prior to the hearing.

Plaintiff requests a permanent injunction as part of its relief on default judgment.  As noted above, Section 605(e)(3)(B)(i) provides that a Court **may** grant final injunctions on such terms it may deem reasonable to prevent or restrain violations of Section 605(a).  This is clearly discretionary.  As such, the Court will reserve ruling on Plaintiff's request for a permanent injunction by default until a hearing is held as arranged below.

Plaintiff requests its costs and attorney's fees in accordance with Section 605(e)(3)(B)(iii). It is plain from the statutory language, quoted above, that the award of costs and fees is mandatory.  However, under local rule, these requests must be by separate motion.  Pursuant to

4

D.N.M.LR-Civ. 54.1, a Motion to Tax Costs must be filed within 30 days of entry of judgment and must include an itemized cost bill documenting costs, and a party's affidavit that the costs are allowable by law, correctly stated and necessary to the litigation.  Local Rule 54.1 also makes clear that this Motion to Tax Costs must by separate motion from a claim for attorney's fees or other expenses not taxable in accordance with 28 U.S.C. § 1920.  Claims for attorneys' fees or other expenses not taxable as costs must be made by separate motion in accordance with D.N.M.LR-Civ. 54.5.  Because Plaintiff's request for costs and attorney's fees are included within the Motion for Default Judgment when they must properly be made by separate motions, the Court will deny Plaintiff's request for costs and attorney's fees without prejudice.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment [Docket No. 4] is hereby GRANTED IN PART and default judgment is entered against Defendant on the issue of liability.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment [Docket No. 4] is hereby DENIED IN PART without prejudice with regard to costs and attorney's fees.

IT IS FINALLY ORDERED that the Court RESERVES RULING on Plaintiff's Motion for Default Judgment [Docket No. 4] to the extent Plaintiff seeks damages and a permanent injunction.  A hearing will be conducted on May 23, 2005 at 9:00 a.m., before the Honorable William P. Johnson, Bonito Courtroom, Pete V. Domenici Federal Building, 333 Lomas Blvd., NW,  Albuquerque, New Mexico to determine the issues of damages and injunctive relief.

_____

UNITED STATES DISTRICT JUDGE